**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**LIONELL S. MOSS**                                                                    **PLAINTIFF**

**V.**                                        **2:21CV00008 JM**


**JOHNNY WOOLEY, In His**
**Individual Capacity as the Regional**
**Public Housing Director for the Little Rock**
**Field Office for Housing and**
**Urban Development,**
**ERIC WILKINS, In His Individual**
**Capacity as Inspector with the Office**
**of Inspector General,**
**G. CRAIG ROBBINS, In His Individual**
**Capacity as Financial Member of**
**the Little Rock Office for Housing**
**And Urban Development**                                         **DEFENDANTS**

## ORDER

Pending is Defendants' motion to dismiss.  (Docket # 11).  Plaintiff has filed a response and Defendants have filed a reply.

Plaintiff filed this action on January 22, 2021 alleging violations of his rights pursuant to the Fifth, Fourth, and Fourteenth Amendments to the United States Constitution.  Specifically, Plaintiff complains that Defendants, in their individual capacities as federal employees, unlawfully conducted an investigation of him that led to his arrest.  Plaintiff also alleges state law claims of malicious prosecution and the tort of outrage.  Defendants argue that Plaintiff's complaint should be dismissed for the following reasons: (1) failure to properly serve the Defendants, (2)  failure to state facts on which relief can be granted, (3) lack of subject matter jurisdiction over any tort claims, (4) expiration of the statute of limitations, (5) no cognizable Bivens claim, and (6) qualified immunity.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Brief Facts

Beginning in February 1993, Plaintiff Lionell Moss was employed by the Helena Housing Authority as the Executive Director.  The Helena Housing Authority is an agency that receives federal funds from the United States Housing and Urban Development ("HUD") to provide low income housing for the residents of Helena, Arkansas.  It also receives federal funds from HUD's Public Housing Capital fund to cover operating and management costs.  During the summer of 2016, Defendant Eric Wilkins, an employee of HUD Office of Inspector General began an investigation of the Plaintiff.  Defendant Johnny Wooley was at the time the Regional Public Housing Director for the Little Rock Field Office of HUD.  Defendant G. Craig Robbins worked in the financial department of HUD.

On October 5, 2016 the Plaintiff was indicted by a Grand Jury for three counts of theft concerning programs receiving federal funds.  Plaintiff claims that the investigation leading to his indictment was reckless and relied on false and fraudulent statements.  A warrant for the Plaintiff's arrest was issued on October 6, 2016.  On October 14, 2016 Plaintiff turned himself in to the FBI Office in Little Rock, Arkansas.  On November 17, 2016 a letter was issued to the Plaintiff by HUD notifying him that he was suspended from participation in procurement and governmental transactions as a participant or principal with HUD.  Soon thereafter, Plaintiff was suspended from his position with the Helena Housing Authority without pay.

On January 24, 2018, the federal indictment against the Plaintiff was dismissed without prejudice.  Defendants claim that before the notice of dismissal was filed, the parties signed an Agreement that the Plaintiff agreed to waive and forgo a motion seeking attorney's fees and expenses pursuant to the Hyde Amendment, 18 U.S.C. §3006A.

Discussion

In his response to the Defendants' motion to dismiss, Plaintiff concedes that his claims are not brought under the Tort Claims Act but are instead claims for constitutional torts. Plaintiff has sued Defendants Wooley, Wilkins and Robbins in their individual capacities as federal employees. Although Plaintiff's complaint purports to be brought pursuant to 42 U.S.C. §1983, §1983 is inapplicable to claims for constitutional torts committed by federal actors. *See, Jones v. United States*, 16 F.3d 979, 981 (8th Cir. 1994). Instead, Plaintiff's claims should have been brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

To proceed with his *Bivens* claims against the Defendants in their individual capacities as federal employees Plaintiff was required to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1) and also serve the employee under Fed. R. Civ. P. 4(e). See, Fed. R. Civ. P. 4(i)(3). Personal service is obtained by delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). To properly serve the United States, a party must deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought and to the Attorney General of the United States. Fed. R. Civ. P. 4(i). Service must be obtained within 90 days after the complaint is filed.

On April 21, 2021, Plaintiff asked the court to extend his time to obtain service. The motion was granted allowing the Plaintiff up to and including May 31, 2021 to perfect service.

4

On August 31, 2021, the Court issued an Order notifying the Plaintiff that his case would be dismissed if proof of service was not filed on or before September 14, 2021.  Plaintiff filed his affidavit of service on September 3, 2021.

Plaintiff's affidavit of service indicates that on April 15, 2021 the summons and compliant were sent by certified mail restricted delivery to the addressee to the individual Defendants at their places of employment.  The affidavit reflects that pursuant to the United States Postal Tracking System, the certified letter addressed to Johnny Wooley and S. Craig Robbins were delivered to the front desk, reception, mail room of Little Rock Field Office of Housing and Urban Development on April 16, 2021.  On April 20, 2021, the certified letter addressed to Eric Wilkins was picked up at the post office.  Plaintiff argues that the service of the individual defendants was proper pursuant to the Arkansas Rules of Civil Procedure.  Plaintiff offers no proof that the United States was served.

Although Ark. R. Civ. P. 4(g) allows for personal service by certified mail on certain defendants it specifically excludes service by this method on the United States its officers or employees.  Ark. R. Civ. P. 4(f)(11) requires service on the United States its officers or employees comply with the Federal Rules of Civil Procedure or other federal law.

If personal service is not obtained, this Court has no jurisdiction over the Defendants and may not proceed to a consideration of the merits. *Printed Media Servs., Inc. v. Solna Web, Inc.,* 11 F.3d 838, 843 (8th Cir.1993).   Here, Plaintiff failed to properly serve the United States or the individual defendants.  Plaintiff offers no proof of service of the United States and the individual defendants were not properly served as required by Fed. R. Civ. P. 4(e).  As to separate defendants Wooley and Robbins the certificates of service reflect that the defendants were not personally served but the certified letters which contained the complaint and summons were

delivered to the "front desk/ reception/ mail room" of the Little Rock Field Office for Housing and Urban Development.[1]  The certified letter along with the summons and complaint were mailed to separate defendant Wilkins to the United States Attorney's Office, Office of Inspector General in Little Rock.[2]  The Certificate of Service reflects that Wilkins' letter was picked up at the post office.  In each case, the Plaintiff failed to serve the individual defendant, leave a copy with a person of suitable age at the individual's dwelling or serve an agent authorized by the defendants to receive service of process.  See, *Marshall v. Warwick*, 155 F.3d 1027, 1030  (8th Cir. 1998) ("Because service of process was not made at Warwick's dwelling, delivery of the summons and complaint to Warwick's mother at her place of employment was not valid substituted service of process.").  Because personal service was not obtained, this Court lacks jurisdiction to consider the merits of the case.

Conclusion

For these reasons, Defendants' motion to dismiss (docket # 11) is GRANTED.
Defendants' motion to stay Rule 26 Disclosures and Discovery is DENIED AS MOOT.  The
Clerk is directed to close the case.

IT IS SO ORDERED this  16th day of August, 2022.

_____
James M. Moody Jr.
United States District Judge

---

[1] Defendants contend that both Wooley and Robbins are retired and no longer work for HUD.
[2] Defendants contend that the Office of Inspector General for HUD has not had any personnel in Little Rock, Arkansas since March 2019.  Since March 2019, Wilkins had been on full time detail at the Federal Law Enforcement Training Center in Georgia.